IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| NICHOLAS MARTIN, on behalf of plaintiff and a class, <br><br> Plaintiff, <br><br> vs. <br><br> J.C. CHRISTENSEN AND ASSOCIATES, INC., <br><br> Defendant. | Case No. 09-CV-5726 <br> Judge William T. Hart |

## PRELIMINARY APPROVAL ORDER

This matter coming before the Court on the Parties' Joint Motion for Preliminary Approval of a Class Settlement Agreement ("Agreement"), the Court being fully advised in the premises, IT IS HEREBY ORDERED:

1. The Court finds that the proposed settlement is within the range of fairness and reasonableness and grants preliminary approval to it.

2. The Court hereby certifies the following class:

    (a) all persons (b) with telephone numbers in the 630 area code (c) for whom defendant left voicemail or answering machine messages (d) that did not state that the call was for collection purposes (e) between September 15, 2008 and October 5, 2009.

    The Defendant represents that the class consists of approximately 4,425 persons. 

3. Edelman, Combs, Latturner & Goodwin, LLC ~~has been~~ are appointed as class counsel.

4. A hearing on the fairness and reasonableness of the Agreement and whether final

approval shall be given to it and the requests for fees and expenses by counsel for the class will be held before this Court on September 16, 2010 at 11:00 a.m.

5. As modified, the Court approves the proposed form of notice to the class members, to be directed to the last known address of the class members as shown on defendant's records. Defendant will mail, or cause to be mailed notice to class members on or before May 17, 2010. Defendant will have the notice sent by any form of bulk mail that provides address-forwarding mail to each address. Defendant will re-mail any notice that is returned with a forwarding address within five (5) business days.

6. The Court finds that mailing of the class notice and the other measures specified above to locate and notify members of the class is the only notice required and that such notice satisfies the requirements of due process and FED. R. CIV. P. 23(c)(2)(B).

7. Class members shall have until July 16, 2010 to submit a claim form, a request for exclusion or a written comment to the proposed settlement. Any class member who desires to exclude him or herself from the action must mail a request for exclusion to counsel for plaintiff by that date. Any written comment must include the name and number of the case and a statement of the reasons why the class member believes that the Court should or should not find that the proposed settlement is not in the best interests of the class. Any putative class member may appear at the fairness hearing and be heard on the fairness of the settlement.

8. Any unclaimed settlement funds are subject to a cy pres award to be made by the Court.

9. Defendant shall file proof of compliance with the notice requirements of the Class Action Fairness Act of 2005, 28 U.S.C. §1715(b), no later than ~~April 26~~ *May 7,* 2010.

DATE: 4/27/2010        ENTER: _____
                                The Honorable William T. Hart

IN THE UNITED STATES DISTRICT COURT FOR
THE NORTHERN DISTRICT OF ILLINOIS EASTERN DIVISION

# If you received an answering machine or voicemail message from J.C. Christensen & Associates, Inc., you may benefit from this class action settlement.

*The case is titled* Nicholas Martin v. J.C. Christensen & Associates, Inc., *Case No. 09-cv-5726.*

*A Federal court authorized this notice.*
*This is not a solicitation from a lawyer.*

## YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT

| | |
|---|---|
| **RETURN A CLAIM FORM POSTMARKED BY July 16, 2010.** | If you submit a claim form postmarked by July 16, 2010, you will remain in the settlement class and you will be entitled to receive a cash payment from the settlement fund. |
| **DO NOTHING BUT STAY IN THE SETTLEMENT** | By doing nothing you will still be bound by the terms of the settlement agreement and any order the Court issues, but you will NOT receive a cash payment. |
| **EXCLUDE YOURSELF** | You will receive no benefits, but you will not be giving up your legal claims against the defendant. |
| **OBJECT** | Write to the Court about why you don't like the settlement. You may also appear at the fairness hearing. |
| **GO TO A HEARING** | Ask to speak in Court about the fairness of the settlement. |

**These rights and options and the deadlines to exercise them are explained below.**

**1. Why did I get this notice?**

Plaintiff, Nicholas Martin ("plaintiff"), filed a class action lawsuit alleging that defendant, J.C. Christensen & Associates, Inc. ("defendant"), violated the Fair Debt Collection Practices Act ("FDCPA" or "the Law") by leaving messages on the plaintiff's voicemail that did not state that the calls were for debt collection purposes. You received this notice because you have been identified from the defendant's records as a person for whom the defendant left such messages between September 15, 2008 and October 5, 2009.

QUESTIONS? CALL (312) 917-4504 TO CONTACT CLASS COUNSEL'S OFFICE – Case No. 23483.

Page 1

### 2. What is this lawsuit about?

In this lawsuit, the plaintiff claimed that defendant violated the Fair Debt Collection Practices Act by leaving messages on Plaintiff's voicemail that did not state that the calls were for debt collection purposes. No judge has ruled on the issue, and the defendant denies that its conduct violated the Law and has asserted affirmative defenses to the plaintiff's claim, including that any violation was unintentional and the result of a bona fide error.

### 3. Why is this a class action?

In a class action, one or more people called Class Representatives (in this case, Nicholas Martin), sue on behalf of a group (or a "Class") of people who have similar claims.

### 4. Why is there a settlement?

In order to avoid the cost, risk, delay of litigation and uncertainty of trial the parties agreed to settle.

### 5. How do I know if I am a part of the settlement?

The Court has decided that everyone falling under the following definition is a Class Member:

> (a) all persons (b) with telephone numbers in the 630 area code (c) for whom defendant left voicemail or answering machine messages (d) that did not state that the calls were for collection purposes (e) during a period beginning on September 15, 2008 and ending on October 5, 2009.

You have been identified as a member of this class. There are approximately 4,425 persons in the class.

## YOUR BENEFITS UNDER THE SETTLEMENT

### 6. What can I get from the settlement?

If you return the claim form at the end of this notice, you will receive a portion of the $27,000.00 class settlement fund established by the defendant. The $27,000.00 will be divided equally among the members of the class who return claim forms.

QUESTIONS? CALL (312) 917-4504 TO CONTACT CLASS COUNSEL'S OFFICE – Case No. 23483.

**7. When will I receive these benefits?**

If you return a claim form, you will receive these benefits approximately forty-five (45) days after the settlement has been approved.

**8. I want to be a part of the settlement and receive these benefits. What do I do?**

You must return the claim form attached to the end of this notice in order to receive a cash payment from the settlement fund.

**9. What am I giving up to receive these benefits?**

By staying in the class, all of the Court's orders will apply to you, and you give defendant a "release." A release means you can't sue or be part of any other lawsuit against defendant about the claims or issues in this lawsuit, or any other claims arising out of any answering machine or voicemail messages left by defendant J.C. Christensen & Associates, Inc.

**10. How much will the Class Representative receive?**

The defendant has agreed to pay $2,750.00 to Plaintiff for his statutory damages for Defendant's FDCPA and Telephone Consumer Protection Act ("TCPA") violations and for serving as the Class Representative. This is subject to the Court's Approval.

## EXCLUDING YOURSELF FROM THE SETTLEMENT

If you don't want to receive the benefits of the settlement, but you want to keep your legal claims against the defendant, then you must take steps to get out. This is called excluding yourself.

**11. How do I get out of the settlement?**

To exclude yourself from the settlement, you must send a letter by mail stating that you want to be excluded from *Martin v. J.C. Christensen & Associates, Inc.*, No. 09-cv-5726 (N.D. Ill.). Be sure to include your name, address, telephone number, and your signature. You must mail your exclusion request so that it is postmarked **no later than July 16, 2010,** and sent to the following address:

Edelman, Combs, Latturner & Goodwin, LLC (#23483)
120 S. LaSalle Street, Suite 1800, Chicago, IL 60603.

QUESTIONS? CALL (312) 917-4504 TO CONTACT CLASS COUNSEL'S OFFICE – Case No. 23483.

Be sure to include the name and number of the case.

**12. If I exclude myself, do I still receive benefits from this settlement?**

No, you will not receive anything resulting from the settlement of this case, but you will have the right to sue the defendant over the claims raised in this case on your own in a different lawsuit. If you exclude yourself, the time you have in which to file your own lawsuit (called the "statute of limitations") will begin to run again. You will have the same amount of time to file the suit that you had when this case was filed.

## THE LAWYERS REPRESENTING YOU

**13. Do I have a lawyer in this case?**

The Court has named the law firm of Edelman, Combs, Latturner & Goodwin, LLC as Class Counsel. If you want to be represented by your own lawyer, you may hire one at your own expense. If you choose to hire your own lawyer, he or she must file an appearance by **July 16, 2010.**

**14. How will the lawyers be paid?**

Class Counsel, Edelman, Combs, Latturner & Goodwin, LLC, will ask the Court for attorney's fees and expenses of no more than $8,250.00. You will not be charged by these lawyers; however they will receive a payment from the Defendant in the amount of $8,250.00, if that amount is approved by the Court.

## CLASS COUNSEL'S VIEWS ABOUT THE SETTLEMENT

**15. Is this a fair settlement?**

Class Counsel believes that this settlement is fair. The claim asserted on behalf of the class against the defendant is under the Fair Debt Collection Practices Act. ("FDCPA") The FDCPA is a federal statute which provides for both individual actions and class actions.

In an individual action, the person bringing the suit may recover (i) any actual damages suffered; and (ii) statutory damages of between $0 and $1,000.00. In a class action, the maximum possible recovery is (i) any actual damages suffered by the Class members and (ii) the lesser of 1% of the Defendant's net worth or $500,000.00. The Court, in its discretion, may award anything from $0 up to the maximum amount to a prevailing party. In either an individual or a class action, the

QUESTIONS? CALL (312) 917-4504 TO CONTACT CLASS COUNSEL'S OFFICE – Case No. 23483.

Page 4

person bringing the suit can also recover attorney's fees and the expenses of prosecuting the suit, if it is successful. No actual damages were sought in this case on behalf of the classes.

In this case, the settlement fund is $27,000.00. The $27,000.00 will be divided equally among all class members who return a claim form. If all of the class members return claim forms, which is unlikely, each claimant will receive approximately $6.10. However, Class Counsel expects that between 10%-20% of the class members will return a claim form, meaning that each claimant will likely receive between $30.51 and $60.95

In light of the violations alleged, class counsel believes this is a fair settlement.

### 16. What is the Defendant's view of this settlement?

As stated above, by settling this lawsuit, the defendant is not admitting that it has done anything wrong. The defendant expressly denies the claims asserted by the plaintiff and denies all allegations of wrongdoing and liability.

## COMMENTING ON THE SETTLEMENT

You can tell the Court that you do or do not agree with the settlement or some part of it.

### 17. How do I tell the Court that I do or do not like the Settlement?

If you are a Class Member, you can comment on the settlement. In order to comment on the settlement or any part of the settlement, you may send a letter (or legal brief) stating your view. You must include the name and number of the case: *Martin v. J.C. Christensen & Associates, Inc.*, No. 09-cv-5726 (N.D. Ill.), your name, address, telephone number and your signature. Regardless of whether you submitted a written comment, you may appear at the fairness hearing (explained below in answer to question no. 18).

You must mail your written comment so that it is postmarked no later than **July 16, 2010** to:

> Edelman, Combs, Latturner & Goodwin, LLC, (#23483)
> 120 S. LaSalle Street, Suite 1800, Chicago, IL 60603.

Be sure to include the name and number of the case.

## THE FAIRNESS HEARING

The Court will hold a hearing to decide whether to approve the settlement. You may attend if you wish, but you are not required to do so.

QUESTIONS? CALL (312) 917-4504 TO CONTACT CLASS COUNSEL'S OFFICE – Case No. 23483.

### 18. Where and when is the fairness hearing?

The Court will hold a fairness hearing on **September 16, 2010 at 11:00 a.m.** in the courtroom of Judge William T. Hart, Room 2243 of the Dirksen Federal Building, 219 S. Dearborn St., Chicago, IL 60604. The purpose of the hearing will be for the Court to determine whether the proposed settlement is fair, reasonable and adequate and in the best interests of the class and to determine the appropriate amount of compensation for the Class Counsel. At that hearing the Court will be available to hear any objections and arguments concerning the fairness of the proposed settlement.

The hearing may be postponed to a later date without notice.

**YOU ARE NOT REQUIRED TO ATTEND THIS HEARING.**

## GETTING MORE INFORMATION

### 19. How do I get more information?

You can call Edelman, Combs, Latturner & Goodwin, LLC, the firm representing the class, at (312) 917-4504 if you have any questions. Before doing so, please read this full notice carefully. You can also send an email to info@edcombs.com or obtain information through its website at www.edcombs.com.

### 20. What if I have a new address?

If this notice was sent to you at your current address, you do not have to do anything more to receive further notices concerning this case. However, if this notice was forwarded to you, or if it was otherwise sent to you at an address that is not current, you should immediately send a letter to:

**Class Administrator**
**P.O. Box 667**
**Sauk Rapids, MN 56379**

DO NOT CONTACT THE COURT REGARDING THIS NOTICE.

QUESTIONS? CALL (312) 917-4504 TO CONTACT CLASS COUNSEL'S OFFICE – Case No. 23483.

Page 6

# PROOF OF CLAIM FORM

RE: **MARTIN V. J.C. CHRISTENSEN & ASSOCIATES, INC.,**
**CASE NO. 09 C 6125**

I WISH TO PARTICIPATE IN THE SETTLEMENT BENEFITS

**IMPORTANT:** THIS CLAIM FORM MUST BE POSTMARKED ON OR BEFORE JULY 16, 2010 AND MAILED TO THE FOLLOWING ADDRESS:

**Class Administrator**
**P.O. Box 667**
**Sauk Rapids, MN 56379**

PLEASE **LEGIBLY PRINT** THE FOLLOWING INFORMATION:

**NAME:** _____

**MAILING ADDRESS:** _____

_____

IF YOUR NAME DIFFERS FROM THAT WHICH APPEARS ON THE MAILING LABEL, PLEASE NOTE THE NAME OF THE PERSON TO WHOM THIS NOTICE WAS ADDRESSED HERE:

_____

IF THIS NOTICE WAS MAILED TO AN ADDRESS OTHER THAN YOUR CURRENT ADDRESS, PLEASE NOTE THE ADDRESS HERE:

_____

_____

**SIGNATURE:** _____

QUESTIONS? CALL (312) 917-4504 TO CONTACT CLASS COUNSEL'S OFFICE – Case No. 23483.