**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| NICHOLAS MARTIN, ) | |
| on behalf of plaintiff and a class, ) | |
| ) | 09-cv-5726 |
| Plaintiff, ) | |
| ) | Judge Hart |
| vs. ) | Magistrate Judge Brown |
| ) | |
| J.C. CHRISTENSEN AND ) | |
| ASSOCIATES, INC., ) | |
| ) | |
| Defendant. ) | |

**PLAINTIFF'S MEMORANDUM IN SUPPORT OF FINAL
APPROVAL OF CLASS ACTION SETTLEMENT AGREEMENT**

Plaintiff Nicholas Martin ("Martin" or "Plaintiff"), individually and on behalf of the class defined herein, by Class Counsel, Edelman, Combs, Latturner & Goodwin, LLC, respectfully submits this memorandum in support of final approval of the Class Settlement Agreement ("Agreement") between Plaintiff and Defendant J.C. Christensen and Associates, Inc., ("Christensen" or "Defendant") which this Court preliminarily approved on April 27, 2010.

The Court is advised that, on May 14, 2010, subsequent to the entry of the preliminary approval order, notice of the settlement of this action was mailed to a total of 4,116 class members[1]. The United States Postal Service returned 918 of the notices as "undeliverable," of which 70 notices were successfully re-mailed to a forwarding address. Therefore, it appears that 3,268 notices were successfully mailed on May 14, 2010.

---

[1] The original estimate of class members was 4,425. Defendant represents that there were many duplicates in the class list. In addition, Defendant represents that 109 class members were not mailed a class notice on May 14, 2010 because the addresses Defendant had were either bad or invalid with no forwarding or additional information available.

1

On September 30, 2010, Defendant mailed notice to 21 class members who were inadvertently excluded from the May 14, 2010 class notice mailing. The United States Postal Service returned 3 of the notices as "undeliverable," of which none were successfully re-mailed to a forwarding address. Therefore, it appears that 18 notices were successfully mailed on September 30, 2010. None of these 21 class members requested exclusion or objected to the settlement.

In total, Defendant mailed notice to 4,137 class members. The United States Postal Service returned 921 of the notices as "undeliverable," of which 70 notices were successfully re-mailed to a forwarding address. Therefore, it appears that 3,286 notices were successfully mailed. Only two Class members, Kathryn Klein and Kathy Michael, submitted timely requests for exclusion. One Class member, Jonathan Bass, submitted a late request for exclusion. No class members filed objections to the settlement.

I.  **OVERVIEW OF THE LITIGATION PRECEDING SETTLEMENT.**

Plaintiff, Nicholas Martin, individually and on behalf of a class, filed the above captioned lawsuit on September 15, 2009. In his complaint, Plaintiff alleged that Defendant, J.C. Christensen and Associates, Inc., violated the Fair Debt Collection Practices Act ("FDCPA") by leaving messages on Plaintiff's voicemail that did not state that the calls were for debt collection purposes. Each telephone message was a "communication" within the meaning of 15 U.S.C. §1692e. *Foti v. NCO Financial Systems*, 424 F.Supp.2d 643, 669 (S.D.N.Y. 2006); *Hosseinzadeh v. M.R.S. Associates, Inc.*, 387 F.Supp.2d 1104, 1112, 1118 (C.D.Cal. 2005); *Joseph v. J. J. MacIntyre Cos.,* 281 F.Supp.2d 1156 (N.D.Cal. 2003); *Stinson v. Asset Acceptance, LLC,* 1:05cv1026, 2006 WL 1647134, 2006 U.S. Dist. LEXIS 42266 (E.D. Va.,

2

June 12, 2006); *Belin v. Litton Loan Servicing, LP,* 8:06-cv-760-T-24 EAJ, 2006 U.S. Dist. LEXIS 47953 (M.D.Fla., July 14, 2006).

After arms-length negotiations, the parties were successful in reaching an agreement to settle this matter on a classwide basis. The parties' agreement was preliminarily approved on April 27, 2010. On April 26, 2010, Defendant served the notice required by §1715 of the Class Action Fairness Act, 28 U.S.C. § 1715. As demonstrated below, the parties' Agreement is now ripe for this Court's consideration and final approval.

## II. THE ADMINISTRATION OF THIS CLASS ACTION SETTLEMENT

### A. The Preliminary Approval Order.

On April 27, 2010, this Court entered an order granting preliminary approval of the Agreement reached between the parties (the "Order"). The Order preliminarily certified a class, defined as:

> (a) all persons (b) with telephone numbers in the 630 area code (c) for whom defendant left voicemail or answering machine messages (d) that did not state that the call was for collection purposes (e) between September 15, 2008 and October 5, 2009.

The Order also established a procedural framework for the final approval of the settlement. The Order required the parties to cause notice to be mailed to the members of the above defined Class, set deadlines and procedures for Class members to submit claim forms, request exclusion from the Class and/or to object to the settlement, and scheduled a fairness hearing for September 16, 2010 at 11:00 a.m. The fairness hearing was subsequently rescheduled by the Court for November 18, 2010 at 11:00 a.m.

### B. The Sending of Class Notice.

On May 14, 2010, Plaintiff caused notice of the settlement of this action to be

3

mailed to a total of 4,116 class members. The United States Postal Service returned 918 of the notices as "undeliverable," of which 70 notices were successfully re-mailed to a forwarding address. Therefore, it appears that 3,268 notices were successfully mailed on May 14, 2010.

On September 30, 2010, Defendant mailed notice to 21 class members who were inadvertently omitted from the initial class notice mailing on May 14, 2010. The United States Postal Service returned 3 of the notices as "undeliverable," of which none were successfully re-mailed to a forwarding address. Therefore, it appears that 18 notices were successfully mailed on September 30, 2010.

In total, Defendant mailed notice to 4,137 class members. The United States Postal Service returned 921 of the notices as "undeliverable," of which 70 notices were successfully re-mailed to a forwarding address. Therefore, it appears that 3,286 notices were successfully mailed.

### C. The Value of the Settlement.

Subject to the Court's approval, Defendant shall pay the following amounts pursuant to the Agreement:

1. Defendant agrees to pay $2,000 to Plaintiff in settlement of his claims and for his role as Class Representative.

2. Defendant further agrees to pay $750.00 to Plaintiff for its alleged TCPA violation.

3. Defendant agrees to pay $27,000 as a Class Settlement Fund. The Class Settlement Fund shall be divided equally among each class member who returned a timely claim form. There were 264 class members who

returned a timely claim form; therefore, each class member will receive a settlement check of approximately $102.27. In addition, 5 class members submitted untimely claim forms. Plaintiff requests that the Court allow the late claimants to share in the settlement recovery. If late claimants are permitted to share in the settlement recovery, a total of 269 class members will share in the settlement, and each claimant will receive approximately $100.37.

4. The distribution will be in the form of a check, which will become void sixty (60) days from the date of issue. The date of issue shall be the same date as the date the check is mailed to each participating class member.

5. All payments due under this Agreement, including payments due for attorney's fees, shall be made within 14 (fourteen) days of the Effective Date.

6. All payments due under this Agreement, including payments to Plaintiff, payments to the Class Members and payments due for attorney's fees, shall be issued by Defendant.

7. Any checks that have not been cashed thirty (30) days after the void date will be donated to The Sargent Shriver National Center on Poverty Law as a *cy pres* award.

8. Subject to the Court's approval, Defendant shall pay Class Counsel, Edelman, Combs, Latturner & Goodwin, LLC, $8,250 in reasonable attorney's fees and costs. The award of attorneys fees shall be separate

from the class recovery.

### D. Requests for Exclusion and Objections Received

Two class members, Kathryn Klein and Kathy Michael, timely submitted requests for exclusion. One class member, Jonathan Bass, submitted a late request for exclusion. No objections were filed.

## III. THE COURT SHOULD GRANT FINAL APPROVAL TO THE SETTLEMENT.

The settlement satisfies all the requirements of Rule 23.

### A. Rule 23(a)(1) - The Settlement Class Is So Numerous That Joinder Of All Members Is Impracticable.

Fed. R. Civ. P. 23(a)(1) requires the class be "so numerous that joinder of all members is impracticable." The Seventh Circuit has recognized that as few as 40 class members are sufficient to satisfy the "numerosity" requirement of Rule 23(a)(1). *Swanson v. American Consumer Industries, Inc.*, 415 F.2d 1326, 1333 (7th Cir. 1969); *see also Newberg on Class Actions*, 3rd ed. Sec. 3.05, pp. 3-25 ("The difficulty in joining as few as 40 class members should raise a presumption that joinder is impracticable, and the plaintiff whose class is that large or larger should meet the test of Rule 23(a)(1) on that fact alone."). There were 4,246 individuals who met the Class definition. Defendant represents that 109 class members were not mailed a class notice because the addresses Defendant had were either bad or invalid with no forwarding or additional information available. Therefore, 4,137 class members were subsequently sent notice of the Agreement, pursuant to the Order. The number of Class members in this case plainly satisfies the numerosity requirement of Rule 23(a)(1).

    **B.**    **Rule 23(a)(2) - The Claims Of The Settlement Class Arise From Common Questions Of Law And Fact.**

Fed. R. Civ. P. 23(a)(2) requires the existence of "questions of law or fact common to the class." The "commonality" requirement of Rule 23(a)(2) is usually satisfied where the class members' claims arise from a common nucleus of operative fact. *Rosario v. Livaditis*, 963 F.2d 1013 (7th Cir. 1992). Rule 23(a)(2) requires only that the class members share at least one question of fact or law in common. *Kreuzfeld A.G. v. Carnehammer*, 138 F.R.D. 594, 599 (S.D.Fla. 1991) (the issue of commonality "turns on whether there exists at least one issue affecting all or a significant number of proposed class members").

Here, Class members share a common fact: they received telephone messages from Defendant. Class members also share a common issue of law: Did Defendant's telephone messages violate the FDCPA? These common issues of fact and law satisfy Rule 23(a)(2).

    **C.**    **Rule 23(a)(3) - Named Plaintiff's Claims are Typical Of the Claims Of The Settlement Class.**

Fed. R. Civ. P. 23(a)(3) requires "the claims for defenses of the representative parties are typical of the claims or defenses of the class." The "typicality" requirement of Rule 23(a)(3) is satisfied for many of the same reasons that the "commonality" requirement of Rule 23(a)(3) is met. *De La Fuente v. Stokley-Van Camp, Inc.*, 713 F.2d 225, 232 (7th Cir. 1993) ("A plaintiff's claim is typical if it arises from the same event or practice or course of conduct that gives rise to the claims of other class members and his or her claims are based on the same legal theory"); *see also Kornberg v. Carnival Cruse Lines, Inc.*, 741 F.2d 1332, 1337 (11th Cir. 1984) (the typicality requirement is satisfied where the "claims or defenses of the class and the class representative arise from the same event or practice and are based upon the same legal theory").

7

In the present case, Plaintiff's claim arose from the same questions of law as those of Class members, namely whether or not Defendant's telephone messages violated the FDCPA. Rule 23(a)(3) is plainly satisfied in this case.

### D. Rule 23(a)(4) - Plaintiff and Class Counsel Has Fairly And Adequately Protected The Interests Of The Settlement Class.

Fed. R. Civ. P. Rule 23(a)(4) requires that "the representative parties will fairly and adequately protect the interest of the class." This rule involves two considerations: (1) whether the Plaintiff's attorneys are properly qualified and experienced to conduct the litigation; and (2) whether the Plaintiff has any interests antagonistic to the class. *General Tel. Co. v. Falcon*, 102 S.Ct. 2364, 2370, n.13 (1982); *Retired Chicago Policy Ass'n v. City of Chicago*, 7 F.3d 584, 598 (7th Cir. 1993).

As set forth in the declaration of Daniel A. Edelman, attached hereto as Exhibit B, Class Counsel are experienced in class action litigation. In addition, Plaintiff has no interest in conflict with the Class. Therefore, the named Plaintiff and her counsel satisfy the adequacy of representation requirement of Rule 23(a)(4).

### E. The Settlement Class May Be Certified Pursuant to Rule 23(b)(3).

Class certification is appropriate under Fed. R. Civ. P. 23(b)(3) where: "the court finds that the questions of law or fact common to class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy. For the reasons set forth below, both of these requirements are satisfied in the present case.

### 1. Common questions predominate over individual issues.

In order for common questions of law or fact to predominate over individual issues for purposes of Rule 23(b)(3), common issues must constitute a significant part of the individual cases. *Jenkins v. Raymark Industries, Inc.*, 782 F.2d 468, 472 (5th Cir. 1986). Courts "generally focus on the liability issues in deciding whether the predominance requirement is met, and if the liability issue is common to the Class, common questions are held to predominate." *In re Alexander Grant & Co. Litigation*, 110 F.R.D. 528, 534 (S.D.Fla. 1986); *see also Dura-Built Corp. v. Chase Manhattan Corp.*, 89 F.R.D. 87, 89 (S.D.N.Y. 1981). In the present case Defendant left telephone messages with class members that did not contain the warning required by 15 U.S.C. §1692e(11). This common issue of fact predominates over any individual issues relating to Class members. Also, a common issue of law – whether Defendant's telephone messages violate the FDCPA – predominates over any individual issues relating to each Class members. Rule 23's predominance requirement is satisfied.

### 2. A Class Action is Superior to Other Methods of Resolving This Matter.

For many of the reasons set forth above, a class action is the superior method to resolve the claims presented in this action. In determining the superiority of a class action, the Court must consider the best available method of resolving the controversy in keeping with the goal of judicial economy. In reaching this determination, the Court should consider the inability of the uninformed to bring their claims and the improbability that large numbers of class members would possess the initiative to litigate individually. *Haynes v. Logan Furniture Mart, Inc.*, 503 F.2d 1161, 1165 (7th Cir. 1974). In *Phillips Petroleum Company v. Shutts*, 472 U.S.

797, 809, 105 S.Ct. 2965 (1985), the Supreme Court recognized that in cases where the class members' claims are too many or too small to litigate on an individual basis, the Court should certify the case as a class action under Rule 23(b)(3).

Given the large number of individual lawsuits that would be required if a Class were not certified, a Class action presents a superior method to fairly and efficiently adjudicate all of the claims of the Class members in this case, within the meaning of Rule 23(b)(3). To the extent that any Class members wished to pursue any such individual claim, they were free to exclude themselves from the Class and the settlement under Rule 23(b)(3). Only three Class members who received notice, Kathryn Klein, Kathy Michael, and Jonathan Bass, elected to opt out of the Class.

### F. The Standards For Granting Final Approval To A Class Action Settlement.

In *Amchem Productions, Inc. v. Windsor*, 521 U.S. 591, 117 S.Ct. 2231 (1997), the United States Supreme Court explained that, before approving a class action settlement, the District Court must first be satisfied that the elements of Rule 23(a) and 23(b) have been met. *Id.* at 621, 117 S.Ct. at 2248.

Once the Court has determined that the requirements of Rule 23(a) and 23(b) have been met, the Court must then determine whether Rule 23(e) has been satisfied by determining whether the settlement is fair, reasonable, and adequate. *General Electric Capital Corp. v. Lease Resolution Corp.*, 128 F.3d 1074, 1082 (7th Cir. 1997). In determining that Rule 23(e) has been satisfied, the Court is to consider the following six factors:

    1.    The strength of the plaintiff's case on the merits measured against the terms of the settlement;

2. The complexity, length, and expense of continued litigation;

3. The amount of opposition to the settlement among Class members;

4. The presence of collusion in gaining a settlement;

5. The stage of the proceedings; and

6. The amount of discovery completed.

*Id.* (citing *Donovan v. Estate of Fitzsimmons*, 778 F.2d 298, 308 (7th Cir. 1985)). The class action settlement in the present case satisfies each of the factors outlined in *GE Capital*.

### 1. **The strength of the Plaintiff's case on the merits measured against the terms of the settlement**.

While Plaintiff believes he would have prevailed at trial on the merits, there are certain risks associated with further litigation. Even if Plaintiff prevailed on the issue of whether Defendant's conduct violated the FDCPA, it is possible that Defendant would have been able to prove that its violation was a *bona fide* error notwithstanding procedures in place to avoid such violations.

In order to avoid the uncertainly presented by any litigation, the parties agreed to settle the dispute between them. The compromise provides that each class member will receive a cash payment from the settlement fund established by Defendant. The class recovery is an appropriate portion of Defendant's net worth. (Defendant's net worth was disclosed to Plaintiff subject to a protective order, but can be disclosed to the court *in camera*.) Therefore, the arguable strength of the Class' claims compares favorably to the terms of the settlement, satisfying the first of the *GE Capital* factors.

### 2. **The complexity, length, and expense of continued litigation**

In addition, the settlement is warranted by the complexity, length and expense of

continued litigation, satisfying the second *GE Capital* factor. If the litigation were to continue without settlement, parties would be forced to engage in additional discovery, including the taking of depositions, as well as the filing of dispositive motions and preparing for and appearing at trial, all of which would be lengthy and expensive. In addition continued litigation would not necessarily have increased the benefits available to the Class. The second *GE Capital* factor is satisfied.

### 3. The amount of opposition to the settlement among Class members

Only 3 Class members, Kathryn Klein, Kathy Michael, and Jonathan Bass, elected to opt-out of the settlement (Exhibit A), and no class members objected to the settlement.

### 4. The presence of collusion in gaining a settlement

Settlement negotiations were conducted at arms-length. There was no collusion between Class counsel and Defendant.

### 5. The stage of the proceedings and the amount of discovery completed.

Finally, the fifth and sixth *GE Capital* factors also support the final approval of this settlement in light of the stage of pre-trial proceedings and the discovery completed to date. This action was filed on September 15, 2009. The case was settled at an early stage with Plaintiff obtaining sufficient discovery to negotiate a class settlement which benefits the class members. Given the stage of proceedings, the proposed settlement satisfies the fifth and sixth *GE Capital* factors.

## IV. THE ATTORNEY'S FEES AND COSTS ARE REASONABLE

Pursuant to the Agreement, class counsel will receive $8,250.00 for attorney's fees and costs from Defendant. Class Counsel requests approval of the Court of attorney's fees

and costs of that amount. As set forth in the Declaration of Daniel A. Edelman (Exhibit B), Plaintiff's counsel include experienced class action attorneys, all of whom contributed their skills and expended their resources in a coordinated effort that resulted in the settlement of this matter.

The actual time and expenses incurred by Edelman, Combs Latturner & Goodwin, LLC, as of November 11, 2010 was $9,493.00 (fees) and $443.66 (costs), for a total of $9,936.66 (*See* Appendix F to the Declaration of Daniel A. Edelman, attached as Exhibit B). Class counsel has incurred fees in excess of the $8,250.00 Defendants agreed to pay. Accordingly, the request for $8,250.00 is fair and reasonable.

## V.    CONCLUSION

For all the reasons set forth above, Plaintiff individually, and as a representative of the Class of similarly situated persons, by Class Counsel, requests this Court grant final approval of the Agreement.

Respectfully submitted,

s/Tiffany N. Hardy
Tiffany N. Hardy

Daniel A. Edelman
Cathleen M. Combs
James O. Latturner
Tiffany N. Hardy
EDELMAN, COMBS, LATTURNER & GOODWIN, LLC
120 S. LaSalle Street, Suite 1800
Chicago, IL 60603
(312) 739-4200
(312) 419-0379 (FAX)

## **CERTIFICATE OF SERVICE**

       I, Tiffany N. Hardy, hereby certify that on November 15, 2010, I caused to be filed the foregoing document via the CM/ECF System, which sent notification of such filing to the following parties via electronic mail:

David M. Schultz
dschultz@hinshawlaw.com

Nabil G. Foster
nfoster@hinshawlaw.com

                                          s/Tiffany N. Hardy
                                          Tiffany N. Hardy