IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| NICHOLAS MARTIN, on behalf of plaintiff and a class, <br><br> Plaintiff, <br><br> vs. <br><br> J.C. CHRISTENSEN AND ASSOCIATES, INC., <br><br> Defendant. | 09-cv-5726 <br><br> Judge Hart <br> Magistrate Judge Brown |

## FINAL ORDER APPROVING CLASS ACTION SETTLEMENT

This matter came for hearing on November 18, 2010, upon the application of the Parties for approval of the settlement set forth in the Class Settlement Agreement ("Agreement") filed on April 9, 2010. Due and adequate notice having been given to the Class, and the Court having considered the Agreement, all papers filed and proceedings had herein and all oral and written comments received regarding the proposed settlement, and having reviewed the record in this Litigation, and good cause appearing:

IT IS HEREBY ORDERED, ADJUDGED AND DECREED AS FOLLOWS:

1. On April 27, 2010, this Court preliminarily approved the Class Settlement Agreement reached between Plaintiff, Nicholas Martin ("Plaintiff"), and Defendant, J.C. Christensen and Associates, Inc., ("Defendant") for the claims alleged in the above-captioned matter *Nicholas Martin v. J.C. Christensen and Associates, Inc.*, Case No. 09 CV 5726 filed in the United States District Court for the Northern District of Illinois, Eastern Division. The Court approved a form notice for mailing to the class. The Court is informed that actual notice was sent by Defendant to

1

4,137 Class Members from the Class Lists. A total of 851 envelopes were returned by the United States Postal Service marked not deliverable with no forwarding addresses available, and 70 envelopes were returned and re-mailed to a forwarding address. Three class members requested exclusion and no objections were filed or received.

2. The Court, for purposes of this Final Order of Dismissal (the "Final Order"), adopts all defined terms as set forth in the Agreement.

3. The Court has jurisdiction over the subject matter of the Litigation, the Plaintiff and Class Representative, the other Members of the Class, and the Defendant.

4. The Court finds that the distribution of the Notice of Class Action Settlement as provided for in the Preliminary Approval Order constituted the best notice practicable under the circumstances to all Persons within the definition of the Class, and fully met the requirements of Illinois law and due process under the United States Constitution.

5. The Court approves the settlement of the above-captioned action, as set forth in the Agreement, the release and other terms, as fair, just, reasonable and adequate as to the Parties. The Parties are directed to perform in accordance with the terms set forth in the Agreement.

6. Except as to any individual claim of those Persons (identified in Paragraph 10) who have validly and timely requested exclusion from the Class, all of the Released Claims are dismissed without prejudice as to the Plaintiff and Class Representative and the other Members of the Class, and as against the Released Parties. The Parties are to bear their own costs, except as otherwise provided in the Agreement.

7. Solely for purposes of effectuating this settlement this Court has certified the following classes of persons who satisfy the following criteria. The Class is defined to include:

(a) all persons (b) with telephone numbers in the 630 area code (c) for whom defendant left voicemail or answering machine messages (d) that did not state that the call was for collection purposes (e) between September 15, 2008 and October 5, 2009.

8. Edelman, Combs, Latturner &Goodwin, LLC has been appointed as class counsel.

9. The Court finds that the stipulated Classes meet the requirements of Rule 23. Specifically the Court finds that:

(a) The Classes are so numerous that joinder is impracticable.

(b) There are questions of law and fact common to the members of the Classes, which common questions predominate over any questions that affect only individual Class members.

(c) Plaintiff's claims are typical of the claims of the Class Members.

(d) Plaintiff and Class Counsel have fairly and adequately represented the interests of the class members.

(e) A class action is superior to other alternative methods of adjudicating the issues in dispute between the parties.

10. Defendant will maintain a list of class members.

11. Excluded from the Class are: class members who timely and validly requested exclusion or opted out.

12. Defendant agrees to pay Plaintiff $2,000 for his actual and statutory damages for Defendant's alleged FDCPA violation and for his service as Class Representative.

13. Defendant agrees to pay Plaintiff $750.00 for its alleged TCPA violation.

14. Defendant shall pay $27,000 as a Class Settlement Fund. Class members who submitted a valid claim form shall receive equal shares of the $27,000.00 Class Settlement Fund.

15.     Plaintiff, his assigns, heirs, successors and personal representatives does hereby release and forever discharge the Defendant, and its present or former parents, officers, directors, partners, members, principals, insurers, insureds, representatives, employees, agents, attorneys, servants, predecessors, successors, subsidiaries, affiliates, shareholders, and assigns ("Released Parties") of and from all causes of action, suits, claims and demands, whatsoever, known or unknown, in law or in equity, based on state or federal law, under any legal theory. This release is conditioned on the final approval of the Agreement by the Court and Defendant meeting its obligations therein. Plaintiff does not grant any release to LVNV Funding, LLC, the alleged owner of the debt at issue (Account No. 286010100138815). Specially excluded from this release are any claims or defenses Martin may have regarding (1) whether any debt is in fact owed, (2) the crediting of payments on any debt, or (3) the proper reporting of any debt to credit bureaus.

16.     Each Class Member, their assigns, heirs, successors and personal representatives do hereby release and forever discharge the Defendant, and its present or former parents, officers, directors, partners, members, principals, insurers, insureds, representatives, employees, agents, attorneys, servants, predecessors, successors, subsidiaries, affiliates, shareholders, and assigns ("Released Parties") of and from all causes of action, suits, claims and demands, whatsoever, known or unknown, in law or in equity, which the Classes now have, ever had or hereafter may have against Defendant, arising out of or relating to the claims that were asserted or alleged or which could have been asserted or alleged in the Corrected Complaint on behalf of the Classes and/or arising out of Defendant's alleged violations of the FDCPA. This Agreement and release do not address the validity of the debts allegedly owed by the Class Members. Class Members do not release their right

to dispute any alleged debt, or any part of an alleged debt. This release is conditioned on the final approval of the Agreement by the Court and Defendant meeting its obligations therein.

17. Neither the Agreement nor the settlement contained therein, nor any act performed or document executed pursuant to or in furtherance of the Agreement or the settlement:

(f) is or may be deemed to be or may be used as an admission of, or evidence of, the validity of any Released Claim, or of any wrongdoing or liability of the Released Parties; or

(g) is or may be deemed to be or may be used as an admission of, or evidence of, any fault or omission of any of the Released Parties in any civil, criminal or administrative proceeding in any court, administrative agency or other tribunal. The Agreement and/or the Final Order from this Litigation may be used in any other action in order to support a defense or counterclaim based on the existence of the Agreement, such as res judicata, collateral estoppel, release, good faith settlement, judgment bar or reduction or the like.

18. The Court dismisses the claims of Plaintiff and the Class against Defendant and the Released Parties without prejudice and without costs.

19. Within fourteen (14) days of the Effective Date, Defendant shall make all payments required by the Agreement.

20. Within fourteen (14) days after issuance of the cy pres award, Defendant shall file a "Notice of Compliance" that Defendant has complied with the Terms of the Agreement.

21. Ten (10) days after the Notice of Compliance has been filed, the Court will enter an order converting the dismissal to a dismissal with prejudice, absent a timely motion by Plaintiff or Defendant.

22. The Court has reviewed Class Counsel's petition for attorneys' fees and costs of $8,250.00. The Court finds that Class Counsel's petition is fair and reasonable. Defendant shall pay $8,250.00 to Edelman Combs Latturner & Goodwin, LLC in accordance with the Agreement.

23. Plaintiff shall, within thirty (30) days of the void date on checks issued to Class Members, provide Defendant with the amount of unclaimed funds. If any funds remain after payment of these expenses, they will be paid as a *cy pres* award to the Sargent Shriver National Center on Poverty Law.

IT IS SO ORDERED

DATED: 11/30/2010

By: _____
Honorable William T. Hart